**SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,**

v.

**Allen B. GOTTLIEB & Law Offices of Gottlieb and Associates, P.C., Relief Defendant, Defendants–Appellants,**

George Wallace Stewart; Patrick J. Madden; Kenneth R. Lagonia; Salim El Hage; H.D. Inc.; St. Barth Limited; Eastland American Bank Limited; Foreign Trade Bank International; Mecis Insurance and Reinsurance Company; Cornel D. Plebani, Relief Defendant; Americredit Commercial Corporation, Relief Defendant; & Finanzurich, Limited, Relief Defendant, Defendants.

No. 03–6035.

United States Court of Appeals, Second Circuit.

March 5, 2004.

Robert S. Wolf, Gersten, Savage, Kaplowitz, Wolf & Marcus, LLP, New York, NY, for Appellant.

Michael L. Post, Securities and Exchange Commission, Washington, D.C., for Appellee.

Present: JACOBS, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Allen B. Gottlieb ("Gottlieb") appeals from a final judgment entered in the Southern District of New York (Preska, *J.*) for securities fraud in violation of § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) (" § 17(a)"), and § 10(b) of the Exchange Act of 1934, 15 U.S.C. § 78j(b) (" § 10(b)"), and Rule 10b–5, 17 C.F.R. § 240.10b–5, promulgated thereunder. On appeal, Gottlieb argues (i) that the 22 months it took the SEC to perfect service on him was excessive and impermissible under Federal Rule of Civil Procedure ("Rule") 12(b); and (ii) that the factual findings on which the judgment against him rests are clearly erroneous. We hold that Gottlieb has waived any insufficiency of service defense to the underlying civil enforcement action and affirm the judgment against him for substantially the reasons articulated by the district court. Familiarity is assumed as to the facts, procedural context, and specification of appellate issues.

1. The SEC's complaint was filed on April 14, 1998; Gottlieb was personally served in the Bahamas, pursuant to Rule 4(f), 22 months later, on February 4, 2000. Six months prior to trial (in June 2002), Gottlieb sought discovery as to the efforts undertaken by the SEC to comply with the 120 day time limit of Rule 4(m). The district court requested that Gottlieb and the SEC advise the court about deposition arrangements by joint letter no later than

June 21, 2002. In that letter, the SEC took the position that Gottlieb's objection to service was waived by his failure to assert the defense in his initial answer to the complaint, as required under Rule 12(h)(1). Gottlieb averred that he preserved the defense. On July 8, the district court ordered Gottlieb to answer the SEC's position on waiver no later than July 12. Gottlieb did not do so. He made no reference to service of process until the joint pretrial order, submitted December 9, 2002. One way or another, Gottlieb waived any insufficiency of service defense he might have had. Moreover, the district court did not abuse its discretion in deeming the service of process to have been timely effected pursuant to Rule 4(f), which specifies no specific time limit and appears to be subject to a flexible due-diligence standard. *See Gleason v. McBride*, 869 F.2d 688, 691 (2d Cir.1989).

2. Following a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. *White v. White Rose Food*, 237 F.3d 174, 176 (2d Cir.2001). To establish a violation of § 10(b) and Rule 10b–5, the SEC was required to show that Gottlieb "(1) made a material misrepresentation or a material omission as to which he had a duty to speak, or used a fraudulent device; (2) with scienter; (3) in connection with the purchase or sale of securities." *SEC v. Monarch Funding Corp.*, 192 F.3d 295, 308 (2d Cir.1999) (citing *SEC v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1467 (2d Cir.1996)). "Essentially the same elements are required under Section 17(a)(1)—(3)[.]" *Id.*

Gottlieb was found liable in a "prime bank instrument" ("PBI") fraud, one of many such schemes in which investors are guaranteed fantastic returns on an obscure kind of transaction. The district court findings with respect to knowing, material misrepresentations are numerous: (i) Gottlieb claimed to be experienced in PBI trading (no one is); (ii) Gottlieb asserted the PBI transactions were "riskless" and that any bank would be "crazy" not to take them; (iii) Gottlieb claimed PBIs could be traded (they cannot); (iv) the retainer agreements securing Gottlieb's services to get financing for the PBI investments were bogus and fraudulent; (v) the terms used in the agreements have "no meaning and no import in the international banking community"; and (vi) any banking professional (as Gottlieb held himself out to be) would know that the terms of the transactions were meaningless (crediting SEC expert testimony). Taken together, these (among other) findings led the district court to conclude that "Gottlieb ... employed a device or scheme or artifice to defraud premised on several layers of material misrepresentations and omissions." Gottlieb offers no basis for finding clear error; our own review of the record reveals none.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**