[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13138
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-21669-CMA

ALLEN BRUCE GOTTLIEB,

Plaintiff-Appellant,

versus

SECURITIES AND EXCHANGE COMMISSION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 30, 2018)

Before ED CARNES, Chief Judge, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Allen Gottlieb, proceeding pro se, appeals the district court's dismissal of his complaint for failure to state a plausible claim for relief.

Gottlieb filed his complaint as an action under Federal Rule of Civil Procedure 60(d)(1), which permits an "independent action to relieve a party from a judgment." Gottlieb alleged in his complaint that the Securities and Exchange Commission committed a fraud on the court in a 2003 action in the Southern District of New York in which Gottlieb was found liable for violating federal securities laws. See SEC v. Gottlieb, 88 F. App'x 476 (2d Cir. 2004) (unpublished).[1] Gottlieb's 78-page complaint in this case exhaustively detailed the factual background and procedural history of his 2003 case. It also alleged that a 1993 Bulletin from the Board of Governors of the Federal Reserve supported his claim that the SEC committed a fraud on the court in the 2003 action.

The district court dismissed the complaint sua sponte as an impermissible shotgun pleading. It found that the complaint did not contain a short and plain statement of Gottlieb's claims and that its allegations were vague, conclusory, irrelevant, and redundant. It also found that the allegations failed to state a claim for a Rule 60(d)(1) action.

The court allowed Gottlieb to file an amended complaint, which he did. Although the amended complaint was 40 pages long, it still contained an

---

[1] Gottlieb has filed several other Rule 60 motions in the Second Circuit challenging the 2003 judgment against him.

exhaustive factual and procedural history of the 2003 action but lacked any short, plain statement for relief.  The court dismissed the amended complaint <u>sua</u> <u>sponte</u>, stating that the amended complaint did not correct the problems with the original one and that it did not state a plausible claim for relief under Rule 60(d)(1).  This is Gottlieb's appeal.[2]

We review <u>de</u> <u>novo</u> the district court's dismissal of Gottlieb's amended complaint.  <u>Garfield v. NDC Health Corp.</u>, 466 F.3d 1255, 1261 (11th Cir. 2006). We liberally construe Gottlieb's <u>pro</u> <u>se</u> complaint.  <u>Powell v. Lennon</u>, 914 F.2d 1459, 1463 (11th Cir. 1990).

The district court did not err in dismissing Gottlieb's amended complaint. His amended complaint violates Rule 8(a)(2)'s requirement that the plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  It does not contain any such short, plain statement of relief; it is a rambling list of facts, accusations, and conclusory assertions.  And Gottlieb's allegations, generously construed, do not state a claim for a Rule 60(d)(1) action, which permits relief only to "prevent a grave miscarriage of justice."  <u>Aldana v. Del Monte Fresh Produce N.A., Inc.</u>, 741 F.3d 1349, 1359 (11th Cir. 2014) (quotation marks omitted).  Gottlieb is using this action to relitigate the 2003

---

[2] Gottlieb filed a motion for reconsideration, which the district court denied.  Gottlieb does not challenge that denial on appeal, which means he has abandoned that issue.  <u>See</u> <u>Timson v. Sampson</u>, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a <u>pro</u> <u>se</u> litigant are deemed abandoned.").

action, but a plaintiff "cannot use an independent action as a vehicle for the relitigation of issues." Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir. 1985). And Gottlieb's claim that the 1993 Federal Reserve Bulletin shows that the SEC committed a fraud on the court fails because he could have raised that issue in the 2003 action. See id. ("[F]or fraud to lay a foundation for an independent action, it must be such that it . . . could [not] have been put in issue by the reasonable diligence of the opposing party."); see also Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) ("[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court.") (quotation marks omitted).

**AFFIRMED.**