21-2516-cv
*United States Securities and Exchange Commission v. Gottlieb*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand twenty-three.

PRESENT:
> **DENNIS JACOBS,**
> **ROBERT D. SACK,**
> **ALISON J. NATHAN,**
> > *Circuit Judges.*

_____

United States Securities and Exchange Commission,

> *Plaintiff-Appellee*,

v.                                                             21-2516

Allen B. Gottlieb,

> *Defendant-Appellant*,

George Wallace Stewart, Patrick J. Madden, Kenneth R. Lagonia, Salim El Hage, H.D. Inc., St. Barth Limited, Eastland American Bank Limited, Foreign Trade Bank International, Mecis Insurance and Reinsurance Company, Cornel D. Plebani, Relief Defendant, Americredit Commercial Corporation, Relief Defendant, Law Offices of Gottlieb and Associates, P.C., Relief Defendant,

**Finanzurich, Limited, Relief Defendant,**

*Defendants.*

_____

**FOR PLAINTIFF-APPELLEE:** Dan M. Berkovitz, General Counsel; John W. Avery, Deputy Solicitor; Brooke Wagner, Appellate Counsel, United States Securities and Exchange Commission, Washington, DC.

**FOR DEFENDANT-APPELLANT:** Alexander E. Eisemann, Katonah, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Allen B. Gottlieb appeals the district court's order imposing sanctions and holding him in civil contempt. We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we discuss only as necessary to explain our decision.

In 2003, Gottlieb was found liable for securities fraud and ordered to pay $950,923.92 in disgorgement—representing gains from his unlawful conduct—along with $1,048,516.62 in prejudgment interest.[1] The judgment also imposed a civil monetary penalty of $878,333. This Court affirmed this judgment. *See generally S.E.C. v. Gottlieb*, 88 F. App'x 476 (2d Cir. 2004)

---

[1] The final judgment suggested the total Gottlieb owed from disgorgement and interest was $2,005,443.54, however these numbers actually add to $1,999,440.54. *See* Supp. App'x 1. We leave to the parties and the district court the resolution of this ~$6,000 disparity.

(summary order).

In June 2021, the SEC moved to hold Gottlieb in civil contempt. According to the SEC, Gottlieb had not made any voluntary payments in the intervening years, with the agency collecting only $16,726.89 from him through offsets to his Social Security payments.

After a hearing, the district court granted the motion and held Gottlieb in contempt. Continuing an earlier asset freeze, the district court ordered Gottlieb: (1) to provide a documented accounting of all assets; (2) to "make an immediate payment of $35,000" to the Clerk of the Court; (3) to pay $75,000 minus adjustments for taxes paid; and (4) to surrender his passport. Supp. App'x 117–18. Gottlieb appealed.

This Court has jurisdiction over orders finding contempt and imposing sanctions when, as here, the principal action has concluded and the contempt proceedings were initiated to enforce a final judgment. *See Latino Officers Ass'n City of N.Y., Inc. v. City of New York*, 558 F.3d 159, 163 (2d Cir. 2009).[2] Civil contempt may be imposed for failure to comply with a court order if "(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner." *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016). The court must also provide "notice and opportunity to be heard before imposing *any* kind of sanctions." *60 E. 80th St. Equities, Inc. v. Sapir* (*In re 60 E. 80th St. Equities, Inc.*), 218 F.3d 109, 117 (2d Cir. 2000). When reviewing a district court's ruling on a contempt motion, we review "its interpretation of the terms of the underlying order or judgment is subject to *de novo* review;

---

[2] Unless otherwise indicated, all internal citations, quotation marks, and alterations are omitted.

its factual findings are accepted unless they are shown to be clearly erroneous; and its ultimate ruling on the contempt motion is reviewed for abuse of discretion." *Latino Officers*, 558 F.3d at 164. However, because the contempt power must be carefully limited, we "review a finding of contempt under an abuse of discretion standard that is more rigorous than usual." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010).

The district court did not abuse its discretion by imposing the contempt order because it provided Gottlieb with notice and opportunity to be heard and properly found that the three preconditions for civil contempt had been met. *See CBS Broad.*, 814 F.3d at 98. First, Gottlieb does not meaningfully challenge the clarity of the original judgment requiring him to disgorge approximately two million dollars. Second, the proof of his non-compliance is clear and convincing: almost twenty years on, the judgment remains unpaid. Finally, Gottlieb has not diligently attempted to comply with the order; in fact, he has not made any voluntary payments at all. And Gottlieb has not established "clearly, plainly, and unmistakably" that he is completely unable to make payments towards the judgment, as he needed to in order to avoid contempt based on a defense of poverty or insolvency. *See Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995).

We have considered all of Gottlieb's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4