[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13634
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-01325-MHC


LESLIE NATHAN ROSE,

Plaintiff - Appellant,

versus

M.C. DEAN, INC.,
QUALITY LABOR MANAGEMENT LLC,
METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY (MARTA),

Defendants - Appellees,


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 15, 2018)

Before JORDAN, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

Leslie Rose, a *pro se* plaintiff, appeals the district court's dismissal of his complaint against M.C. Dean, the last of the three original defendants, for lack of prosecution.  Mr. Rose's complaint alleged race and age discrimination and retaliation pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and 29 U.S.C. § 623 against M.C. Dean, Quality Labor Management, and Metropolitan Atlanta Rapid Transit Authority.  Mr. Rose's complaint essentially argued that he was put out of his job as an electrician by M.C. Dean because he was black and older than the other electricians on his job site.

## I

Mr. Rose, a temporary electrician who worked for QLM, was contracted out to work for M.C. Dean at the MARTA Lenox Station job site.  One day, the M.C. Dean foreman informed Mr. Rose that the QLM electricians were no longer needed on that site because of monetary shortages experienced by M.C. Dean and MARTA, and that the site would be shut down.  Mr. Rose then overheard the foreman tell certain other employees that the site was not actually closed, but that he wanted to "get rid of" some employees.  Mr. Rose argues that his removal from the site was based on race and age discrimination, as younger white and Hispanic workers retained their positions. Further, he claims that QLM retaliated against him for complaining about the discrimination by not putting him back to work.

2

MARTA moved to dismiss Mr. Rose's complaint for failure to state a claim. *See* Fed. R. Civ. P. Rule 12(b)(6).  The magistrate judge recommended that Mr. Rose's claims against MARTA should be dismissed because Mr. Rose failed to exhaust his administrative remedies before the EEOC as to MARTA, because Mr. Rose had not alleged any facts to show that MARTA participated in any discrimination, and because Mr. Rose could not in good faith allege facts to show that MARTA was his employer. The district court adopted the magistrate's R&R over objection and dismissed Mr. Rose's claims against MARTA.

Then the magistrate judge issued a discovery scheduling order which provided a four-month discovery period.  During the discovery period, Mr. Rose repeatedly missed filing deadlines and scheduled telephone conferences, repeatedly tried to cancel discovery hearings within ten minutes of the hearing's occurrence, hung up on and failed to answer or return numerous calls from the magistrate judge, would not produce requested documents, and refused to answer interrogatories.  The magistrate judge gave Mr. Rose numerous "second chances" and extensions throughout the process.

Eventually, the magistrate judge concluded that it was "apparent" that Mr. Rose did not want to cooperate in discovery, and he warned Mr. Rose that further failure to comply with the discovery process would result in his complaint against QLM being dismissed without prejudice.  Mr. Rose objected to the magistrate's

3

order, responding that someone on the court had tampered with his evidence, that the magistrate judge was biased against him, and that the magistrate judge should recuse himself due to an unspecified instance of fraud on the court. After Mr. Rose missed his final deadline for answering QLM's interrogatories and failed to obey the scheduling order, the magistrate judge recommended that Mr. Rose's complaint as to QLM be dismissed for lack of prosecution. The district court, reviewing for clear error, approved and adopted the R&R, and dismissed Mr. Rose's complaint against QLM for want of prosecution.

Mr. Rose continued to ignore deadlines, and also failed to respond to M.C. Dean's discovery requests and interrogatories. Finally, five months after discovery began, the magistrate judge ordered Mr. Rose to show cause as to why he had not cooperated in discovery with M.C. Dean. Mr. Rose missed this deadline as well. The magistrate judge then recommended dismissal without prejudice of the complaint as to M.C. Dean for lack of prosecution, as Mr. Rose failed to comply with discovery requests and orders. The district court approved and adopted the R&R over objection, dismissing Mr. Rose's complaint as to M.C. Dean without prejudice for want of prosecution. Mr. Rose appeals, asserting that the district court's judgment was void due to fraud on the court.

## II

We review *de novo* a district court's dismissal for failure to state a claim under Rule 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  We review for an abuse of discretion a district court's dismissal for failure to prosecute.  *See* Fed. R. Civ. P. 41; *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

## III

Mr. Rose argues that his case was unfairly dismissed because of fraud on the court by the officers of the court, including an unidentified member of the magistrate judge's staff, the magistrate judge himself, and the district court judge assigned to the case.  He also asserts, for the first time on appeal, that the discrimination he faced was actionable under the Cat's Paw theory and violated his Fifth Amendment rights.

QLM, M.C. Dean, and Marta respond that Mr. Rose completely fails to address the district court's reasons for dismissing his complaint.  They also argue that Mr. Rose improperly raises the Cat's Paw theory and a constitutional violation for the first time on appeal.  Finally, they assert that Mr. Rose did not make out a *prima facie* claim of fraud on the court, and that it was not until this appeal that Mr. Rose had accused *them* of committing fraud on the court.

## IV

It is true that we must liberally construe the filings of *pro se* plaintiffs, s*ee Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014), but *pro se* plaintiffs still must comply with deadlines and abide by the instructions of the court. And our leniency does not permit us to rewrite a *pro se* appellant's deficient arguments for him. *See id.* Mr. Rose does not address the multiple, independent reasons the district court provided for dismissing his complaint as to each defendant. In order for us to reverse, Mr. Rose must "convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Because Mr. Rose fails to properly challenge *any* of the grounds upon which the district court based its dismissals, he has abandoned those potential arguments. *See id.*; *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Mr. Rose's argument that the magistrate judge, his staff, and the district court caused fraud on the court fails to address the district court's stated reasons for its dismissal of his complaint. Moreover, nothing the magistrate judge or district court did in the case indicates bias against him, as Mr. Rose claims. In fact, the magistrate judge overseeing Mr. Rose's case appears to have been quite patient – granting numerous extensions, permitting last-minute unexplained cancellations

6

and tolerating being hung up on.  *See Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (describing what qualifies as fraud on the court).

In addition, we do not address arguments raised for the first time on appeal, such as Mr. Rose's Cat's Paw theory of discrimination and claimed violations of his Fifth Amendment rights.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.").  This prohibition also applies to Mr. Rose's allegations of fraud on the court by the defendants, which he raises for the first time on appeal. *See id.*

Having reviewed the record and the parties' briefs on appeal, we conclude that Mr. Rose abandoned any argument challenging the district court's dismissals for failure to state a claim and failure to prosecute.  *See Gratton*, 178 F.3d at 1375; *Access Now*, 385 F.3d at 1331.  We therefore affirm.

**AFFIRMED.**