[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12593
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-03649-RWS


CHRISTOPHER M. HUNT, SR.,

Plaintiff-Appellant,

versus

NATIONSTAR MORTGAGE, LLC,
DEUTCHE BANK NATIONAL TRUST COMPANIES,
ALLBERTELLI LAW,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 19, 2019)

Before WILLIAM PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Hunt, Sr., proceeding *pro se*, appeals the denial of his post-appeal motions to "Void Ab Initio All Orders" and for reconsideration of the dismissal of his complaint against Nationstar Mortgage, LLC, ("Nationstar"), Deutsche Bank National Trust Companies ("Deutsche Bank") (collectively with Nationstar, "the Mortgagees"), and "Albertelli Law" ("Albertelli") (collectively with the Mortgagees, "the defendants").[1]

For context, Hunt initiated two proceedings[2] in state court, both of which were removed to federal court. The instant case, *Hunt I*, was dismissed after the district court determined that (A) Hunt had failed to effect proper service on the defendants and (B) he had failed to state a claim for relief. Hunt appealed that dismissal, and we affirmed, concluding, in pertinent part, that (1) his attempts at service were insufficient and ineffective; (2) there was no default judgment preventing removal; and (3) the district court had diversity jurisdiction. *Hunt v. Nationstar Mortgage, LLC*, 684 F. App'x 938, 941-43 (11th Cir. 2017) (unpublished). Following the appeal, Hunt filed the instant motions, which were denied.

---

[1] This case is related to the appeal in Case No. 18-12348-CC.

[2] For ease of reference, the district court proceedings from the instant case (N.D. Ga. Case No. 1:14-cv-03649-RWS) will be called "*Hunt I*," and the district court proceedings from the related case (N.D. Ga. Case No. 1:17-cv-02294-RWS) will be called "*Hunt II*."

On appeal, Hunt argues that the district court should have granted relief under: (1) Rule 60(b)(2), because there was newly discovered evidence in the form of filings in *Hunt II*; (2) Rule 60(b)(3) and 60(d)(3), because he alleged that the defendants had made misrepresentations to the courts and the Georgia Secretary of State; (3) Rule 60(b)(4), because the district court did not have jurisdiction based on the defendants' default, the Mortgagees' failure to obtain consent from all defendants before removing the case, the untimeliness of the notice of removal, and the defendants' failure to maintain registered agents; (4) Rule 60(b)(5), because success in his appeal from *Hunt II* will result in vacatur of the judgment in this case; and (5) Rule 60(b)(6), because it would be unjust, in light of the new evidence of fraud, to let the judgment stand.[3]

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). "[T]o overturn the district court's denial of [a Rule 60(b) motion], it is not enough that a grant of the motion[] might have been permissible or warranted; rather, the decision to deny the motion[] must have been sufficiently unwarranted

---

[3] In their briefs, Hunt moves for us to enforce Rule 3.3 of the Georgia Rules of Professional Responsibility, and the Mortgagees ask us to certify that the appeal is frivolous, pursuant to Fed. R. App. P. 38. The motions are DENIED. This Court does not enforce the Georgia Rules of Professional Responsibility, and our court procedures, as set out in 11th Cir. R. 38, I.O.P., require a Rule 38 motion to be filed separately from the appellee's brief.

as to amount to an abuse of discretion." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

Generally, an appeal of a Rule 60(b) motion is limited to the denial of that motion and does not bring up the underlying judgment for review. *Am. Bankers*, 198 F.3d at 1338. Because of this limitation, Rule 60(b) may not be used to challenge mistakes of law that could have been raised on direct appeal. *Id.* "A party may not use Rule 60 as a substitute for a timely and proper appeal." *Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982) (*per curiam*).

Rule 60(b)(2) allows a court to grant relief from a final judgment, order, or proceeding where the movant proffers newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Fed. R. Civ. P. 60(b)(2). Rule 60(b)(3) allows a court to grant relief from a judgment for fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). Although a motion for Rule 60(b) must be made within a reasonable time, motions under Rules 60(b)(2) or (3) must be made within a year of the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1).

Federal Rule of Civil Procedure 60(d), formerly the savings clause of Rule 60(b), preserves the court's power to entertain an independent equitable action to set aside a judgment, notwithstanding the specific grounds set forth in Rule 60(b) and their attendant time limitations. *See* Fed. R. Civ. P. 60(d); *Travelers Indem.*

4

*Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (*per curiam*) (discussing the fraud-on-the-court action when it was the Rule 60(b) savings clause).  In particular, Rule 60(d)(3) notes the court's power to "set aside a judgment for fraud on the court" in limited circumstances.  *See* Fed. R. Civ. P. 60(d)(3).

Relief for fraud on the court under Rule 60(d)(3) is a narrow doctrine and constitutes only that species of fraud that defiles, or attempts to defile, the court itself, "or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *See Travelers*, 761 F.2d at 1551 (citation marks omitted).  Neither perjury nor fabricated evidence constitutes fraud upon the court for purposes of this rule, as both can and should be exposed at trial.  *Id.* at 1552.  Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.  *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).  Where relief from a judgment is sought under this rule, the fraud must be established by clear and convincing evidence.  *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987).

Rule 60(b)(4) provides that a court "may relieve a party . . . from a final judgment, order, or proceeding . . . [if] the judgment is void."  Fed. R. Civ. P. 60(b)(4).  A judgment is void under this rule "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner

5

inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (quotation marks omitted).

Rule 60(b)(5) justifies relief if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). "The section of [R]ule 60(b)(5) which provides relief when judgments are satisfied applies when damages are paid before trial or a tortfeasor or obligor has paid the judgment debt." *Gibbs*, 738 F.2d at 1155. A judgment of dismissal is not a "prospective effect" under Rule 60(b)(5). *Id.* at 1155-56.

Rule 60(b)(6) allows a party to seek relief from a final judgment or order on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In order to be afforded relief under Rule 60(b)(6), the movant must show "that the circumstances are sufficiently extraordinary to warrant relief." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (*per curiam*) (quotation marks omitted). Relief under Rule 60(b)(6) is inappropriate where the case falls into one of the other categories listed in subsections (1)-(5) of Rule 60(b). *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cty., Ala.*, 920 F.2d 788, 791 (11th Cir. 1991).

"Under the law of the case doctrine, [we and the district court] are bound by findings of fact and conclusions of law [we made] in an earlier appeal of the same

6

case." *Ash v. Tyson Foods, Inc.*, 664 F.3d 883, 891 (11th Cir. 2011).  The law-of-the-case doctrine applies both to issues that were decided explicitly and by necessary implication in the earlier appeal.  *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1288 (11th Cir. 2010).  The law-of-the-case doctrine applies unless (1) a subsequent trial produces substantially different evidence, (2) there has been a new and contrary decision of law bearing on the issue, or (3) the prior decision was clearly erroneous and would work a manifest injustice.  *This That & The Other Gift & Tobacco, Inc. v. Cobb Cty. Ga.*, 439 F.3d 1275, 1283-84 (11th Cir. 2006) (*per curiam*).

A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case.  28 U.S.C. § 1441(a).  To remove an action, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  *Id.* § 1446(b)(2)(A).  To remove an action, the defendant must file a notice of removal within 30 days of the receipt of the initial pleading.  *Id.* § 1446(b)(1).  In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, the Supreme Court held that the 30-day period for removal of the action does not start until service of the summons on the defendants and receipt of the complaint by the defendants either after or at the time of service of the summons.  526 U.S. 344, 347-48 (1999).

7

Where a plaintiff in federal court in a diversity case would be barred from bringing an action in state court, the federal court is likewise barred from hearing the case. *Woods v. Interstate Realty Co.*, 337 U.S. 535, 538 (1949). Under Georgia law, "[a] foreign corporation may not transact business in [Georgia] until it obtains a certificate of authority from the Secretary of State." O.C.G.A. § 14-2-1501(a). "A foreign corporation transacting business in [Georgia] without a certificate of authority may not maintain a proceeding in any court in th[e] state until it obtains a certificate of authority." O.C.G.A. § 14-2-1502(a). However, the failure to obtain a certificate of authority does not impair the validity of a corporation's actions or prevent it from defending any proceeding. O.C.G.A. § 14-2-1502(d).

Here, the district court did not abuse its discretion in denying Hunt's post-appeal motions. First, Hunt was not entitled to relief under Rule 60(b)(2) or (3) because he filed his motions more than a year after the entry of the judgment. Hunt's allegations of fraud were not the kind for which Rule 60(d)(3) relief would be appropriate, because they concerned issues that could have been exposed during the underlying proceedings. He was not entitled to relief under Rule 60(b)(4) because (1) the law-of-the-case doctrine barred his arguments that there was a default judgment or that there was not diversity jurisdiction; (2) his arguments about the lack of unanimity or the untimeliness of the notice of removal fail because the law-of-the-case doctrine precludes revisiting the determination that he

8

failed to properly serve the defendants; and (3) his arguments that the court lacked jurisdiction to hear the Mortgagees' arguments due to their alleged improper registration is belied by the plain language of the statute.  Hunt was not entitled to relief under Rule 60(b)(5) because no prior judgment was reversed or vacated, there were no money damages, and the dismissal of the complaint does not constitute a "prospective effect" for purposes of the rule.  Finally, he was not entitled to relief under Rule 60(b)(6) because claims of fraud or newly discovered evidence are cognizable under other subsections of Rule 60(b).  Because there were no grounds on which Hunt was entitled to relief, the district court did not abuse its discretion.

**AFFIRMED.**

9