The **TRAVELERS INDEMNITY COMPANY, Plaintiff-Appellant,**

v.

**Jack GORE and the Darien Bank, Defendants-Appellees.**

No. 84–8885
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

June 4, 1985.

---

Edwin D. Robb, Jr., Savannah, Ga., for plaintiff-appellant.

James G. Williams, St. Simons Island, Ga., Charles M. Jones, Hinesville, Ga., for defendants-appellees.

Before GODBOLD, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

AFFIRMED on opinion of district court, attached as an exhibit.

## EXHIBIT

## ORDER

On November 28, 1983, this court entered an order denying the defendants' motions to dismiss. In an order dated March 15, 1983, the court denied the defendants' motions for reconsideration. The action is again before the court on the defendants' motions for reconsideration of the November 28 order.

After reviewing all the pleadings in this action, the court's earlier orders, and the applicable law, the court finds, unhappily and not without strong inner-moral protest, that the plaintiff's complaint must be dismissed. The motion for reconsideration will be granted.

Plaintiff filed its motion for relief from judgment pursuant to Rule 60(b), Fed.R. Civ.P. Rule 60(b), which provides in pertinent part that:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospec-

tive application, or (6) any other reason justifying relief from the operation of other judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.... This rule does not limit the power of the court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or ... to set aside a judgment for fraud on the court.

Because more than one year passed between the entry of the original judgment and the filing of the instant case, the plaintiff cannot seek relief under Rule 60(b)(3). However, the plaintiff argues that this action can be maintained as an independent action within the savings clause of Rule 60(b), and thus is not subject to the one year limitations period. Plaintiff asserts that Gore obtained final judgment in the original action through a preconceived scheme to use the judicial system to defraud the plaintiff.

As is clear in the Advisory Committee Notes to the 1946 amendments to Rule 60(b), the term "independent action" in Rule 60(b) refers only to actions that "established doctrine" had held to be within the court's power prior to enactment of the rules of procedures. The elements of such an action are

(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any remedy at law.

*Bankers Mortgage Co. v. United States,* 423 F.2d 73, 79 (5th Cir.) *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970) (quoting *National Surety Co. v. State Bank,* 120 F. 593, 599 (8th Cir.1903)).

■ The court finds that the perjury by defendant Gore does not constitute fraud upon the court. Plaintiff's complaint thus fails to meet the requirements of an independent action. *Great Coastal Express v. Brotherhood of Teamsters,* 675 F.2d 1349, 1356 (4th Cir.1982); *Kermit Medical Products v. N & H Instruments,* 616 F.2d 833, 837 (5th Cir.1980); *Williams v. Bd. of Regents,* 90 F.R.D. 140 (M.D.Ga.1981). These courts relied upon the following test in determining what constitutes fraud upon the court.

"Fraud upon the court" should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct. Fraud *inter parties,* without more, should not be fraud upon the court, but redress should be left to a motion under Rule 60(b)(3) or to an independent action.

7 *Moore's Federal Practice* ¶ 60.33. Given the absence of a rigid time limitation for bringing independent action, and the "deep-rooted federal policy of preserving the finality of judgments, fraud upon the court cannot necessarily be read to embrace any conduct of which the court disapproves." *Williams,* 90 F.R.D. at 142.

Plaintiff relies on the decision in *Hazel-Atlas Glass Co. v. Hartford Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), to support its argument that it should be permitted to maintain an independent action for relief in the instant case. In *Hazel-Atlas* the Supreme Court granted relief upon its finding of a deliberately planned and executed scheme to defraud the Patent Office and the Circuit Court of Appeals. The court found that Hartford defrauded the Patent Office by helping its application for a patent through use of an article written and caused to be published by some of its attorneys and officials under the name of a supposedly disinterested expert. In the subsequent patent infringement action Hartford defrauded the court of appeals by using the article as evidence in support of its case. The Supreme Court ordered that the decision obtained in the court of appeals be set aside. The court

finds *Hazel-Atlas* distinguishable from the instant case in that here there is no allegation of attorney involvement in Gore's perjury and no evidence to suggest that the normal, impartial operation of the court which heard the insurance contract case was interfered with in any manner by the fraud perpetrated by Gore. The court rejects the plaintiff's contention that the fraud in this case presents a deliberate scheme to directly subvert the judicial process. The fraud in this case "primarily concerns the two parties involved and does not threaten the public injury that a fraudulently-obtained legal monopoly did in *Hazel-Atlas.*" *Great Coastal Express v. Brotherhood of Teamsters*, 675 F.2d 1349, 1356–57 (4th Cir.1982).

Perjury is an intrinsic fraud which will not support relief from judgment through an independent action. *See United States v. Throckmorton*, 8 Otto 61, 98 U.S. 61, 25 L.Ed. 93 (1878); *see also Great Coastal Express*, 675 F.2d at 1358 (4th Cir.1982); *Wood v. McEwen*, 644 F.2d 797 (9th Cir.1981). Under the *Throckmorton* doctrine, for fraud to lay a foundation for an independent action, it must be such that it was not in issue in the former action nor could it have been put in issue by the reasonable diligence of the opposing party. *See Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 425, 43 S.Ct. 458, 465, 67 L.Ed. 719 (1923). Perjury by a party does not meet this standard because the opposing party is not prevented from fully presenting his case and raising the issue of perjury in the original action.

> Perjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible.... Fraud on the court is therefore limited to the more egregious forms of subversion of the legal process, ... those we cannot necessarily expect to be exposed to by the normal adversary process.

*Great Coastal Express*, 675 F.2d at 1357.

In addition, the plaintiff cannot use an independent action as a vehicle for the relitigation of issues.

Courts have consistently held that a party is precluded by res judicata from relitigation in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action.

*Bankers Mortgage*, 423 F.2d at 79. Plaintiff's argument that Gore obtained his judgment in the original trial by use of perjured testimony to support its motion for relief in this action is an attempt to relitigate the credibility of a witness, an issue that was necessarily decided in the original trial. *See Addington v. Farmer's Elevator Mutual Insurance*, 650 F.2d 663, 668 (5th Cir.1981). The court will grant the defendants' motions to dismiss the complaint.

Accordingly, the defendants' motions for reconsideration are GRANTED. Defendants' motions to dismiss the complaint are GRANTED.

SO ORDERED, this <u>10th</u> day of October, 1984.

/s/ Richard C. Freeman
RICHARD C. FREEMAN
UNITED STATES DISTRICT
JUDGE