[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12502
Non-Argument Calendar
_____

D.C. Docket Nos. 6:09-cv-01406-MSS-GJK, 6:09-cv-01921-MSS-GJK

6:09-cv-01406

DARRALYN C. COUNCIL,

Plaintiff-Appellant,

versus

AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES (AFGE) UNION, et al.,

Defendants,

SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,
UNITED STATES OF AMERICA,

Defendants-Appellees.

_____

6:09-cv-01921

DARRALYN C. COUNCIL,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,

Defendant-Appellee,

TIMOTHY LIEZERT, et al.,

Defendants.

_____

6:10-cv-00931

DARRALYN C. COUNCIL,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,

Defendants-Appellees.

_____

6:10-cv-967

DARRALYN C. COUNCIL,

Plaintiff-Appellant,

versus

SECRETARY DEPARTMENT OF VETERANS AFFAIRS,
UNITED STATES OF AMERICA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 18, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Darralyn C. Council, proceeding pro se, appeals the denial of his Federal Rule of Civil Procedure 60 motions for relief from the final judgment on his discrimination and retaliation claims under Title VII, 42 U.S.C. § 2000e-16(a) against his former employer, the U.S. Department of Veterans Affairs ("VA"). We affirm.

## I. BACKGROUND

In the underlying proceedings, Council raised a variety of employment discrimination and retaliation claims and challenged adverse personnel actions he had experienced while employed at VA medical centers in Houston, Texas, and Orlando, Florida. The district judge granted summary judgment on the majority of Council's claims but allowed several claims to proceed to trial. After the jury found in favor of the VA, the district judge entered judgment on May 26, 2011. Council subsequently appealed; we affirmed. *Council v. Am. Fed'n of Gov't*

*Emps. (AFGE) Union, et al.*, 477 F. App'x 648, 649-50 (11th Cir. 2012) (per curiam) (unpublished).

In April 2013, Council filed two Rule 60 motions for relief from the judgment of the district judge. He argued two VA employees, Erich Schwartze and Angela Bishop, had committed fraud on the court by perjuring themselves at trial regarding the reasons for his demotion and by fabricating evidence. The district judge construed those motions as motions for relief pursuant to Rule 60(b)(3), which she denied as untimely, because Council had failed to file them within one year as prescribed by Rule 60(c)(1). On appeal, Council argues VA personnel committed fraud on the court during the underlying proceedings, which warrants setting aside the judgment. He also argues the merits of his underlying employment-discrimination claims.

## II. DISCUSSION

We review the denial of motions brought under Rules 60(b)(3) and (d)(3) for abuse of discretion. *Cox Nuclear Pharm., Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007). Rule 60(b)(3) provides relief from a final judgment or order for fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). Motions under Rule 60(b)(3) for fraudulent conduct must be brought within one year of the relevant judgment. Fed. R. Civ. P. 60(c)(1). Rule 60, however, does not limit the judge's power to set aside a judgment for "fraud on the

court"; therefore, a party may move to set aside a judgment for fraud on the court at any time. Fed. R. Civ. P. 60(d)(3); *see Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (per curiam) (noting an independent action for fraud on the court does not contain a rigid time limitation). Where relief from a judgment is sought for fraud on the court, the movant must establish by clear and convincing evidence the adverse party obtained the verdict through fraud. *Cox*, 478 F.3d at 1314. "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Booker v. Dugger*, 825 F.2d 281, 283-84 (11th Cir. 1987) (citations, internal quotations marks, and alterations omitted).

Fraud on the court constitutes "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Travelers Indem. Co.*, 761 F.2d at 1551. Perjury and fabricated evidence do not constitute fraud upon the court, because they "are evils that can and should be exposed at trial," and "[f]raud on the court is therefore limited to the more egregious forms of subversion of the legal process, . . . those we cannot necessarily expect to be exposed by the normal adversary process." *Id.* at 1552 (citation omitted).

5

Even if Council brought his motions for relief under Rule 60(b)(3), the district judge did not abuse her discretion by denying the motions as untimely. The judge entered final judgment in Council's employment discrimination case on May 26, 2011, but Council did not file his motions for relief until almost two years later, in April 2013. *See* Fed. R. Civ. P. 60(c) (providing a motion under Rule 60(b)(3) must be made within one year after entry of the judgment).

Even if we construe Council's motions as filed under Rule 60(d)(3), which carries no time limitation, he is not entitled to relief. Council has not established by clear and convincing evidence that the VA obtained its favorable verdict through fraud. *See Cox*, 478 F.3d at 1314. Without providing supporting probative facts, Council makes conclusory averments regarding the existence of fraud by contending VA employees Schwartze and Bishop committed perjury or fabricated evidence. *See Booker*, 825 F.2d at 283-84. In addition, perjury and fabricated evidence do not constitute fraud on the court, because they could have been exposed at trial and are not considered to be "the more egregious forms of subversion of the legal process." *Travelers Indem. Co.*, 761 F.2d at 1551-52.

To the extent Council is attempting to relitigate the merits of his underlying employment-discrimination claims, his arguments are barred by the law-of-the-case doctrine. *Ash v. Tyson Foods, Inc.*, 664 F.3d 883, 891 (11th Cir. 2011) (recognizing that, under the law-of-the-case doctrine, we are bound by findings of

6

fact and conclusions of law that we made in an earlier appeal of the same case).

Accordingly, we affirm the district judge's denial of Council's motions for relief

from the judgment.

**AFFIRMED.**