Kenneth W. BROWN, Plaintiff–Appellant,

v.

SECURITIES AND EXCHANGE COMMISSION, Christopher E. Martin, Defendants–Appellees.

No. 15–13099

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 2, 2016.

Kenneth W. Brown, Lake Worth, FL, pro se.

Emily M. Smachetti, Anthony Erickson–Pogorzelski, Wifredo A. Ferrer, U.S. Attorney's Office, Miami, FL, for Defendants–Appellees.

Before ED CARNES, Chief Judge, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Kenneth Brown appeals the district court's dismissal of his *pro se* complaint alleging that the Securities and Exchange Commission and its attorney, Christopher Martin, engaged in fraud on the court when the SEC prevailed in a lawsuit against him for securities fraud. After giving Brown two opportunities to amend his complaint, the district court dismissed it with prejudice for failing to sufficiently plead a basis for an independent action under Federal Rule of Civil Procedure 60(d). The district court was right to do so.

In 2007 the SEC, represented by Martin, won in a civil suit against Brown for securities fraud. Unhappy with that result, Brown filed an independent action requesting monetary damages, which alleged that the SEC and Martin had engaged in various bad acts during the trial. Brown later amended his complaint, alleging the same facts but replacing his request for monetary damages with a request that the court relieve him from the 2007 judgment. The defendants moved to dismiss his amended complaint and the district court granted the motion, dismissing the amended complaint without preju-

dice for failing to plead the facts required to sustain an independent action under Rule 60(d).[1] The court, however, granted Brown leave to amend his complaint a second time, with the warning that it would dismiss his complaint with prejudice if he failed to demonstrate that: (1) equitable reasons existed for maintaining an independent action to set aside the judgment and (2) the defendants' actions in the 2007 action rose to the level of fraud on the court.

Brown filed a second amended complaint, in which he alleged that the SEC and Martin used "unconscionable litigation tactics, abuse of power and prosecutorial misconduct to bring 'fraud on the court' to obtain [an] inequitable judgment." He asserted that they made false statements, submitted false documents, suborned perjury, and withheld information from the court. He also asserted that he was innocent and that the trial judge decided the case against him because the judge was biased. The district court dismissed Brown's second amended complaint, finding that his allegations failed to rise to the level of fraud on the court because it was Brown's responsibility to expose at trial any false evidence, perjury, or undisclosed evidence; his allegations of innocence were simply an attempt to relitigate issues that had already been decided; and his claim that the trial judge had been biased was a claim of fraud by the court, not fraud on the court. The court concluded that any further attempts to amend the complaint would be futile, and it dismissed the case with prejudice. Brown timely appealed.

■ Brown first contends that the district court's order precludes meaningful

---

1. The district court also dismissed Martin as a defendant, explaining that, as an attorney instead of a party in the 2007 trial, Brown could not obtain equitable relief from him. But Brown added Martin back in his second amended complaint and the district court's dismissal of that complaint did not revisit the propriety of naming Martin as a defendant.

appellate review because it is devoid of factual findings or a sufficient basis in legal reasoning. That is plainly untrue. The court described Brown's allegations and explained its reasons for concluding that they failed to rise to the level of fraud on the court. That is all it needed to do.

Brown's next contention is that his second amended complaint sufficiently pled fraud on the court, so the district court erred in dismissing it. Rule 60(d)(1) "preserves a court's historical equity power to 'entertain an independent action to relieve a party from a judgment, order, or proceeding.'" *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1359 (11th Cir.2014) (quoting Rule 60(d)(1)). The elements of an independent action under Rule 60(d)(1) are:

> (1) a judgment which ought not, in equity and good conscience, [ ] be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any remedy at law.

*Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir.1985) (discussing the predecessor to Rule 60(d)). A party "cannot use an independent action as a vehicle for the relitigation of issues." *Id.* at 1552.

Rule 60(d)(3) provides that a court can "set aside a judgment for fraud on the court." We have defined "fraud on the court" as "that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Travelers Indem. Co.*, 761 F.2d at 1551 (citation omitted). But "[f]raud *inter partes*, without more, should not be fraud upon the court." *Id.* (citation omitted).

Taking as true Brown's assertions, the thrust of his allegations are fraud by the SEC on him in the litigation, and his complaint amounts to an attempt to relitigate the unfavorable 2007 judgment. *See id.* at 1551; *see also id.* at 1552 ("Plaintiff's argument that [the defendant] obtained his judgment in the original trial by use of perjured testimony to support its motion for relief in this action is an attempt to relitigate the credibility of a witness, an issue that was necessarily decided in the original trial."). Brown's allegation that attorney Martin, as an officer of the court, engaged in those nefarious deeds is utterly conclusory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 129 S.Ct. 1937, 1949 (2009) (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss). Likewise, his allegation that the trial court was biased is conclusory and, in any event, is yet another attempt to relitigate the 2007 trial. *See id.; Traveler's Indem. Co.*, 761 F.2d at 1552. The district court properly dismissed Brown's complaint seeking Rule 60(d) relief.

**AFFIRMED.**