[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13120
Non-Argument Calendar
_____

Agency No. 2015-SOX-00018

MICHAEL B. BROWN,

Petitioner,

versus

U.S. DEPARTMENT OF LABOR,

Respondent.

_____

Petition for Review of a Decision of the
Department of Labor
_____

(May 4, 2020)

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Michael Brown seeks review of the U.S. Department of Labor Administrative Review Board's decision affirming an Administrative Law Judge's denial of his motion to set aside the final judgment on his retaliation claim in favor of his former employer, Synovus Financial Corporation, under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A.  We deny his petition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The underlying proceedings concerned an employment dispute.  Brown argued that his former employer, Synovus, retaliated against him for whistleblowing, in violation of the Sarbanes-Oxley Act.  Synovus moved for summary judgment, which the ALJ granted.  In making his decision, the ALJ relied in part on Brown's deposition testimony that he was "terminated before he could report the fraud."  Three months after the ALJ's decision, Brown appealed to the board.  The board affirmed because Brown did not appeal the ALJ's decision within the required fourteen days.  See 29 C.F.R. § 1980.110(a) (Mar. 2015).  Brown then filed a petition in this court.  We denied Brown's petition because, we emphasized, Brown did not file a direct appeal with the board by the fourteen-day deadline and, instead, attempted to file a Federal Rule of Civil Procedure 60(d)(3) motion, arguing that "the ALJ intentionally omitted and misrepresented facts in favor of Synovus."  See

2

Brown v. Sec'y of Labor, 739 F. App'x 978, 979 (11th Cir. 2018) ("Brown I") (unpublished).  "The Board construed [that] motion as a petition for review and stated that it was untimely."  Id.  Agreeing with that decision, we concluded that the "Board did not err in construing [Brown's] motion to set aside the ALJ's order as a petition for review instead of a Rule 60(d)(3) motion," and  "the Board did not err in denying [Brown's] motion as untimely."  Id. at 980.

Shortly after, Brown filed what he termed to be a "Rule 60(d)(1)(3) Motion, Brief, and Independent Action . . . to set Aside the Order Due to Fraud on the Court" with the U.S. Department of Labor's Office of Administrative Law Judges.  In his motion, he contended that the previous ALJ misrepresented the facts and misapplied the law.  A new ALJ denied Brown's motion.  Because Brown "focus[ed] on the notion of 'fraud upon the court,'" the new ALJ construed Brown's motion as one that fell exclusively under rule 60(d)(3).  The new ALJ found that, to set aside a judgment under rule 60(d)(3), the alleged fraud had to have been based on information that was discoverable only after the previous ALJ's decision.  But Brown's motion, the new ALJ continued, was based on information known to him at the time of the previous ALJ's decision.  The new ALJ also determined that even if the previous ALJ improperly found facts and misapplied the law, his actions did not rise to the level of fraud required for relief under rule 60(d)(3).  Brown's motion, the new ALJ said, was "an attempt to re-argue his case, and not a demonstration of

3

any type of fraud." The new ALJ concluded that Brown forfeited his right to challenge the previous ALJ's factual findings and legal conclusions when Brown failed to timely file a petition for review. For all these reasons, the new ALJ denied Brown's rule 60(d)(3) motion.

Brown appealed to the board, and the board "adopt[ed]" the new ALJ's decision, concluding that Brown "failed to allege proper grounds of fraud on the court" and merely attempted to "relitigate his [previous] case in the form of a motion for relief." Brown now seeks review of the board's decision.

## STANDARD OF REVIEW

Our review of the board's decision is governed by the Administrative Procedure Act. Stone & Webster Const., Inc. v. U.S., Dep't of Labor, 684 F.3d 1127, 1132 (11th Cir. 2012). "We conduct de novo review of the [board]'s legal conclusions, but we test the [board]'s factual findings for substantial evidence." Id. "The substantial evidence standard limits the reviewing court from deciding the facts anew, making credibility determinations, or re-weighing the evidence." Id. at 1133 (internal quotation marks omitted).

## DISCUSSION

Brown contends that the board erred in not setting aside the summary judgment in favor of his former employer because: (1) the board relied on collateral estoppel to reject his fraud arguments; (2) he was entitled to relief under rule

4

60(b)(4); (3) the board did not address his claim under rule 60(d)(1); and (4) the first ALJ committed fraud on the court, in violation of rule 60(d)(3), by altering Brown's deposition testimony to create the impression that Brown failed to meet the whistleblowing requirements of Sarbanes-Oxley.

1. Collateral Estoppel. The board did not base its decision, or even mention, collateral estoppel, so we won't review the board's order under the collateral estoppel doctrine. See Fla. Dep't of Labor & Emp't Sec'y v. U.S. Dep't of Labor, 893 F.2d 1319, 1321–22 (11th Cir. 1990) ("[A] reviewing court, in dealing with a determination or judgment which an agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency." (internal quotation marks omitted)).

2. Rule 60(b)(4). We will not consider Brown's rule 60(b)(4) argument because he raised it for the first time on appeal. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (internal quotation marks omitted)).

3. Rule 60(d)(1). The board properly construed Brown's motion as having been made under rule 60(d)(3) rather than rule 60(d)(1) because his sole argument— fraud on the court—was a rule 60(d)(3) argument. See United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990) ("Federal courts have long recognized that they

have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework.").

4. Rule 60(d)(3). Rule 60(d)(3) gives a court the power to "set aside a judgment for fraud on the court." See Fed. R. Civ. P. 60(d)(3). Fraud on the court is "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985). "Where relief from a judgment is sought for fraud on the court, the fraud must be established by clear and convincing evidence." Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987).

Brown's rule 60(d)(3) argument fails for three reasons. First, the only evidence to support Brown's allegation of judicial misconduct was his own conclusory allegations. But conclusory allegations are insufficient to support a finding of fraud. See Booker, 825 F.2d at 283–84 ("Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." (internal quotation marks and alterations omitted)). Second, even assuming the ALJ misconstrued Brown's deposition testimony, this error would not amount to fraud. At most, the ALJ made

6

a factual error, which is not fraud under rule 60(d)(3).  See First Nat'l Life Ins. Co. v. Cal. Pac. Life Ins. Co., 876 F.2d 877, 883 (11th Cir. 1989) (noting that a "careless . . . factual error" did not "amount[] to fraud").  And third, Brown had to show that the alleged fraud could not have been discovered by due diligence.  See Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1359 (11th Cir. 2014); see also Travelers, 761 F.2d at 1552 ("[F]or fraud to lay a foundation for an independent action, it must be such that it was not in issue in the former action nor could it have been put in issue by the reasonable diligence of the opposing party.").  That is not the case here.  Brown knew of the alleged fraud at the time of the ALJ's decision. He knew what was in the ALJ's order and what was in his deposition.

## CONCLUSION

Because Brown presents no grounds to set aside the underlying judgment in favor of his former employer, the board did not err in affirming the ALJ's denial of Brown's rule 60(d)(3) motion.

**PETITION DENIED.**