**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1080
_____

GINA RUSSOMANNO,
                                        Appellant

v.

SUMITOMO PHARMA AMERICA, INC., (SMPA) for affiliate,
Sunovion Pharmaceuticals, Inc.; SUNOVION PHARMACEUTICALS, INC.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:23-cv-03684
District Judge:  Honorable Michael A. Shipp

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 21, 2024
Before:  KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: April 16, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2019, Gina Russomanno sued her former employer, claiming wrongful termination.  See Russomano v. Sunovion Pharms., D.N.J. Civ. No. 3:19-cv-05945.  The District Court dismissed the suit with prejudice in May 2020.  Russomanno did not immediately appeal from that decision, but she later filed an appeal that we dismissed as untimely, see C.A. No. 23-1186, and she has otherwise sought relief on her claims and from the District Court's judgment without success, see, e.g., Russomanno v. Sunovion Pharms., No. 22-2822, 2022 WL 17984869, at *1 (3d Cir. Dec. 29, 2022), cert. denied, 143 S. Ct. 2592 (2023).

In July 2023, Russomanno again attempted to get relief from the District Court's ruling.  She filed, under Rule 60(d)(1) of the Federal Rules of Civil Procedure, an "Independent Action Relief Per NJ District Case No:  [3:19-CV-05945]."  ECF No. 1; see also ECF No. 5 (her amended filing); ECF No. 9 (her memorandum in support).  Claiming that the District Court should have permitted her to amend her complaint when dismissing it, she asserted that the District Court's judgment was void as a matter of law and worked a grave miscarriage of justice.  The defendants sought dismissal of the "Independent Action . . .," arguing, inter alia, that Russomanno's disagreement with the outcome of her earlier case did not warrant relief under Rule 60(d).  See ECF No. 11.  The District Court declined to grant relief, dismissing the action in a text-only order on the docket after highlighting the procedural history in this Court and stating that it could

2

"perceive no discernable basis for its jurisdiction over the matter" in light of that history. ECF No. 18. Russomanno appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's conclusion about its own jurisdiction, see Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000), and we review a district court's decision to decline to grant relief on a Rule 60(d) motion for abuse of discretion, see Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011). Upon review, we will summarily affirm because no substantial issue is presented on appeal. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Arguing in support of her appeal, Russomanno contends that the District Court was wrong to conclude that it lacked jurisdiction over her action. Sometimes, as we have noted in other contexts, courts use the term "jurisdictional" too loosely. See, e.g., Beazer E., Inc. v. Mead Corp., 525 F.3d 255, 260 (3d Cir. 2008) (describing the Supreme Court's discussion in Arbaugh v. Y & H Corporation, 546 U.S. 500, 511 (2006), about the imprecise use of the term). And a litigant can bring an independent action to obtain post-judgment relief. See United States v. Beggerly, 524 U.S. 38, 45-46 (1998). Regardless, the bar to obtain such relief is high, and Russomanno did not present any discernable basis for relief.

"[A]n independent action should be available only to prevent a grave miscarriage of justice." Begglerly, 524 U.S. at 47. Russomanno used the term miscarriage of justice

3

and claimed that the judgment was void.  However, in essence, she merely sought to again challenge the judgment in her case.  But a Rule 60(d) motion cannot be used as a substitute for appeal, see Morris v. Horn, 187 F.3d 333, 336 (3d Cir. 1999), or "as a vehicle for relitigation of the issues," Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir. 1985), particularly not after the disposition of an appeal of the challenged judgment, see Colorado Interstate Gas Co. v. Nat. Gas Pipeline Co. of Am., 962 F.2d 1528, 1534 (10th Cir. 1992).

Accordingly, the District Court did not abuse its discretion in declining to grant relief on Russomanno's Rule 60(d) motion.  We will affirm the judgment.