**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10141
Non-Argument Calendar
_____

TINA GEE,

*Plaintiff-Appellant,*

*versus*

JADA MITCHELL,
JONES,
  Captain,
SPENCER,
  Lt,
CHRISTIAN,
  Officer,
STANTON,
  Officer, et al.,

*Defendants-Appellees,*

TUSCALOOSA, CITY OF, THE, et al.,

*Defendants.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:23-cv-00388-LSC

_____

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Tina Gee appeals from the district court's order denying her motions for relief from judgment under Federal Rules of Civil Procedure 60(d)(3) and 60(b)(3).  After the district court dismissed Gee's amended complaint with prejudice, Gee appealed, and we affirmed.  Gee then filed in the district court two motions for relief from the dismissal order, one under rule 60(d)(3), and one under rule 60(b)(3).  The district court denied both motions, and Gee once again appealed.  Because we find no abuse of discretion in the district court's denial of the motions, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Gee filed a complaint against the City of Tuscaloosa, the City of Tuscaloosa Police Department, the Tuscaloosa County Sheriff's Department, and ten law enforcement officers, alleging that the defendants violated her Fourth and Fourteenth Amendment rights by executing illegal search warrants at her home.  The first complaint was vague and conclusory and failed to specify

which factual allegations pertained to which count, so the defendants moved for a more definite statement under rule 12(e).

The district court granted the motion, concluding the complaint was an impermissible shotgun pleading because it "fail[ed] to specify which factual allegations pertain[ed] to which count, d[id] not explain which defendants [were] liable for which counts," was "composed entirely of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[,]" and "fail[ed] to allege any facts indicating that the relevant warrants were fraudulent." In the same order, the district court directed Gee to file an amended complaint "resolving these deficiencies" and warning that if Gee "file[d] an amended complaint that d[id] not resolve both these shotgun-pleading related issues and contain specific factual allegations indicating the invalidity of the [d]efendants' search warrant, her claim [would] be dismissed . . . without further notice."

In response, Gee filed an amended complaint spanning 117 pages and 596 paragraphs, alleging forty-three causes of action, this time naming thirteen individual law enforcement officers and the Tuscaloosa County Sheriff's Department as defendants. On July 10, 2023, the district court dismissed Gee's amended complaint with prejudice, explaining that it was "still a shotgun pleading, and it still lack[ed] the specific factual allegations necessary for [Gee] to state her claims." Gee appealed, and we affirmed. *See generally Gee v. Mitchell*, No. 23-12627, 2024 WL 4118463 (11th Cir. Sept. 9, 2024) (concluding the district court did not abuse its

discretion in dismissing amended complaint as an impermissible shotgun pleading).

Less than a month after we entered the mandate in the first appeal, Gee filed in the district court a motion for relief from judgment under rule 60(d)(3). The motion repeated allegations from her amended complaint, argued that the defendants committed "fraud upon the court," and asked the district court to set aside its dismissal of Gee's amended complaint. On December 6, 2024, Gee filed a second motion for relief from judgment, this time under rule 60(b)(3). Like the first motion, the second one alleged that the defendants engaged in fraud upon the court by "intentionally making false representations to the court threw [sic] counsel."

The district court denied both motions in the same order, denying the rule 60(d)(3) motion after finding that Gee hadn't shown fraud on the court by clear and convincing evidence, and denying the rule 60(b)(3) motion as untimely because Gee filed it more than a year after the district court's July 10, 2023, order dismissing the amended complaint. Gee appeals the denial of her motions.

## STANDARD OF REVIEW

We review for an abuse of discretion a district court's denial of a motion for relief from judgment under rule 60(d)(3). *See Mills v. Comm'r, Ala. Dep't of Corr.*, 102 F.4th 1235, 1239–40 (11th Cir. 2024). "We review a district court's denial of a motion for relief from judgment under [r]ule 60(b)(3) for abuse of discretion." *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir.

2007) (citing *Frederick v. Kirby Tankships, Inc.,* 205 F.3d 1277, 1287 (11th Cir. 2000)). "A district court abuses its discretion if it 'applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous.'" *Sowers v. R.J. Reynolds Tobacco Co.,* 975 F.3d 1112, 1122 (11th Cir. 2020) (internal quotation marks omitted) (quoting *Aycock v. R.J. Reynolds Tobacco Co.,* 769 F.3d 1063, 1068 (11th Cir. 2014)).

## DISCUSSION

Gee argues the district court abused its discretion in denying her motions under rule 60(d)(3) and rule 60(b)(3). We address Gee's challenges as to each motion.

### *The rule 60(d)(3) motion*

Gee first challenges the district court's denial of her rule 60(d)(3) motion. Rule 60(d) does not limit a district court's power to set aside a judgment for fraud on the court. *See* Fed. R. Civ. P. 60(d)(3). While "there is no time limit on setting aside a judgment under [r]ule 60(d)(3)[,]" *Mills,* 102 F.4th at 1239 (quotation omitted), "a movant who seeks relief under [rule 60](d)(3) must establish 'fraud on the court' by clear and convincing evidence," *id.* at 1239–40 (first quoting Fed. R. Civ. P. 60(d)(3); and then citing *Booker v. Dugger,* 825 F.2d 281, 283 & n.4 (11th Cir. 1987)). "That standard is demanding," and "the movant must establish that the alleged fraud is highly probable." *Id.* at 1240 (citation modified).

"Fraud on the court involves a direct assault on the integrity of the judicial process." *Id.* (quotation omitted). "It 'embraces only

that species of fraud that officers of the court 'perpetrate' against 'the judicial machinery' and that 'defiles the court itself.'" *Id.* (alterations adopted) (quoting *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1550–51 (11th Cir. 1985)). "It involves 'an unconscionable plan or scheme.'" *Id.* (quoting *Davenport Recycling Assocs. v. Comm'r of Internal Revenue*, 220 F.3d 1255, 1262 (11th Cir. 2000)). "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (citation modified).

As best as we can tell from her initial brief, Gee argues that the defendants perpetuated fraud upon the court by: (1) relying on legally deficient search warrants to search her house; (2) characterizing the allegations in Gee's amended complaint as conclusory; and (3) arguing to the district court that the plain view doctrine provided the legal basis for one of the search warrants. Given this "fraud on the court" by the defendants, Gee contends, the district court abused its discretion when it denied her rule 60(d)(3) motion for relief from the order dismissing her amended complaint. We disagree.

The district court didn't abuse its discretion in denying Gee's rule 60(d)(3) motion because Gee hasn't shown that the district court applied an incorrect legal standard, applied the law in an unreasonable or incorrect manner, followed an improper procedure, or made findings of fact that were clearly erroneous. Our review

of the record confirms the district court's determination that Gee's rule 60(d)(3) motion was little more than a camouflaged attempt to relitigate the merits of the amended complaint and that Gee had otherwise failed to produce any evidence that the defendants engaged in "an unconscionable plan or scheme to improperly influence the court's decision" rising to the level of "egregious misconduct." *See Mills*, 102 F.4th at 1240 (internal quotation marks omitted); *Rozier*, 573 F.2d at 1338.

### The rule 60(b)(3) motion

Gee next challenges the district court's denial of her rule 60(b)(3) motion as untimely. In general, "[e]very judgment must be set out in a separate document," except for orders disposing of motions under rules 50(b), 52(b), 54, 59, and 60. Fed. R. Civ. P. 58(a). When rule 58(a) requires a separate document, a judgment or order is considered entered when the judgment is set out in a separate document or when 150 days have passed from the order's entry on the civil docket, whichever is earlier. Fed. R. Civ. P. 58(c).

Under rule 60(b)(3), "on motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for" "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" A motion under rule 60(b)(3) must be filed no more than a year after "the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

"To prevail on a 60(b)(3) motion, the movant must 'prove by clear and convincing evidence that an adverse party has

obtained the verdict through fraud, misrepresentation, or other misconduct.'" *Cox*, 478 F.3d at 1314 (alterations adopted) (quoting *Frederick,* 205 F.3d at 1287); *see also Booker,* 825 F.2d at 283 ("Where relief from a judgment is sought for fraud on the court, the fraud must be established by clear and convincing evidence."). "Additionally, 'the moving party must show that the conduct prevented the losing party from fully and fairly presenting his case or defense.'" *Cox*, 478 F.3d at 1314 (alterations accepted) (quoting *Frederick,* 205 F.3d at 1287).

Gee argues that the district court abused its discretion when it denied as untimely her rule 60(b)(3) motion—filed on December 6, 2024—because the district court never entered judgment in a separate document after it dismissed her amended complaint on July 10, 2023. Thus, she contends, under rule 58, the year-long period to file her rule 60(b)(3) motion didn't begin to run until 150 days after July 10, 2023, which means her rule 60(b)(3) motion was timely. Again, we disagree.

The district court didn't abuse its discretion in denying Gee's rule 60(b)(3) motion because it correctly determined that the motion was untimely. A motion under rule 60(b)(3) must be filed "no more than a year after the entry of the judgment *or* order *or* the date of the proceeding." Fed. R. Civ. P. 60(c)(1) (emphasis added). Rule 60(b)(3)'s use of the disjunctive "or" means that a movant (like Gee) must seek relief under rule 60(b)(3) no more than one year from the (1) judgment, *or* (2) order, *or* (3) proceeding. *See Santos v. Healthcare Revenue Recovery Grp., LLC*, 90 F.4th 1144, 1153 (11th Cir.

2024) ("The ordinary use of "or" is almost always disjunctive . . . [s]o when Congress uses "or" to separate two provisions in a statute, it signal[s] that the two are alternatives." (quotations omitted; second alteration in original)).

Here, the order from which Gee sought relief under rule 60(b)(3) was the district court's July 10, 2023, order dismissing her amended complaint. But Gee didn't file her motion for relief under rule 60(b)(3) until December 6, 2024, well over a year after the district court entered the order. That means Gee's motion was untimely under rule 60(c)(1). Thus, there was no abuse of discretion by the district court in dismissing Gee's rule 60(b)(3) motion as untimely.

**AFFIRMED**.