[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12345

Non-Argument Calendar

_____

DANIEL IMPERATO,

                                                        Plaintiff-Appellant,

*versus*

THE HARTFORD INSURANCE CO.,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:14-cv-80323-DPG

_____

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Daniel Imperato, proceeding pro se, appeals the district court's denial of his post-judgment motions to reconsider or reopen his case after his pro se complaint was dismissed for lack of diversity jurisdiction. Finding no abuse of discretion, we affirm.

## I.

Because we write for the parties, we assume familiarity with the facts and relay only those which are necessary for the resolution of this appeal. Imperato filed a breach of contract action against The Hartford Insurance Company (Hartford) in 2014. The district court ultimately dismissed Imperato's complaint in 2015 for lack of diversity jurisdiction, after it was initially dismissed for improper service. Since the dismissal, Imperato has made multiple attempts to obtain post-judgment relief under Federal Rule of Civil Procedure 60. Each of his attempts has failed, with the attempt preceding this one resulting in this court affirming the district court's denial of Imperato's Rule 60 motions to reopen his case and for reconsideration. *See Imperato v. Hartford Ins. Co.*, 803 Fed. App'x 229, 230 (11th Cir. 2020) (per curiam).

This appeal arises from Imperato's most recent attempt, in 2021, to obtain relief under Rule 60. The district court reasoned that Imperato was to be denied relief as he "fail[ed] to present any errors of law or fact or newly discovered evidence such that

reconsideration is warranted." The district court further noted that, in his motion to reopen, Imperato "[wa]s attempting to relitigate issues already ruled upon by [the district court] and the Eleventh Circuit."

## II.

We generally review the denial of Rule 60(b) and (d) motions for abuse of discretion. *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355, 1359 (11th Cir. 2014). Thus, to overturn the denial of such motions, "it is not enough that a grant of the motions might have been permissible or warranted; rather, the decision to deny the motions must have been sufficiently unwarranted as to amount to an abuse of discretion." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). This requires a party to "demonstrate a justification so compelling that the district court was required to vacate its order." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) (alteration adopted).

Rule 60(b) provides for relief from final judgments or orders based on a number of different grounds, including: mistake, inadvertence, surprise or excusable neglect; newly discovered evidence which could not have been discovered earlier with due diligence; and fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b). Appealing the ruling of a Rule 60(b) motion addresses only the propriety of the Rule 60(b) ruling—it does not address any issues in the underlying judgment. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).

Rule 60(d)(3) permits a litigant to obtain relief from a final judgment if the movant can establish "fraud on the court" by clear and convincing evidence. Fed. R. Civ. P. 60(d)(3); *Booker v. Dugger*, 825 F.2d 281, 283–84 (11th Cir. 1987). Fraud on the court is a narrow doctrine that embraces only that species of fraud which does or attempts to defile the court itself or is perpetrated by officers of the court. *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (per curiam). Issues of perjury and fabricated evidence do not constitute fraud on the court since both can and should be exposed at trial, and neither issue prevents the opposing party from fully presenting his case and raising the issues in the original action. *Id.* at 1552.

### III.

Imperato argues that he is entitled to post-judgment relief because Hartford was properly served and committed fraud on the court by falsely stating that it was not, and that the court clerk failed to "correct the style of the case." Imperato further asserts that the district court erred by dismissing his complaint for lack of diversity jurisdiction despite new evidence as to his citizenship that he filed to reopen his case.

None of Imperato's arguments on appeal have merit, and the district court did not abuse its discretion by denying him relief. First, Imperato's assertion that Hartford lied about whether it received service of process does not constitute fraud on the court under Rule 60(d)(3). *See id.* Second, Imperato waived any argument that the district court should have granted his motion to reopen

after he provided new evidence of his citizenship by failing to make that argument below. *See Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994). Even if he did not, his attempt to obtain relief under Rule 60(b)(2) from the district court's dismissal of his complaint for lack of diversity jurisdiction is untimely, as is his claim of clerical error under Rule 60(b)(1). *See* Fed. R. Civ. P. 60(c)(1) (Motions under Rule 60(b)(1) and (b)(2) must be made "no more than a year after the entry of the judgment or order"). Accordingly, we affirm.

**AFFIRMED.**