[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-13219

Non-Argument Calendar

————————————————

IRAN DWAYNE KETCHUP,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

Defendant-Appellee,

W. MACKELBURG, et al.,

Defendants.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-01549-MHC

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Iran Dwayne Ketchup, proceeding pro se, appeals the district court's dismissal of his *Bivens* claims and summary judgment order on his negligence claim under the Federal Tort Claims Act. He also appeals the district court's rulings on various orders denying allegations that the government committed fraud on the court. Because we conclude that the district court did not err in any of these respects, we affirm.

## I.

Iran Ketchup is a federal prisoner at the United States Penitentiary in Atlanta, Georgia. Ketchup brought suit against the United States based on alleged misconduct by three officials, W. Mackelburg, D.J. Harmon, and D. Baysore. According to Ketchup, Mackelburg and Harmon knowingly allowed Ketchup to drink water containing dangerously elevated levels of arsenic. This, says Ketchup, led to various physical and mental ailments. Ketchup also claimed that Mackelburg and Harmon were deliberately indifferent to his serious medical needs by refusing to conduct any tests for arsenic poisoning. And Ketchup alleged that the United States committed fraud in violation of the Federal Tort Claims Act

because Mackelburg and Baysore made misrepresentations that the drinking water was healthy and uncontaminated.

The magistrate judge construed Ketchup's complaint as bringing the following claims: *Bivens* claims against Mackelburg and Baysore for deliberate indifference; a negligence claim under the FTCA against the United States; and a fraud claim under the FTCA against the United States.[1] It then recommended dismissing Ketchup's fraud claim because it was barred by sovereign immunity. After Ketchup failed to object to the magistrate judge's report and recommendation, the district court adopted it in full and dismissed Ketchup's fraud claim brought under the FTCA as well as his *Bivens* claims against Baysore.

Mackelburg then filed a motion arguing that the *Bivens* claims against him also be dismissed. The district court granted that motion and dismissed Ketchup's deliberate indifference claims. It reasoned that Ketchup's claims that Mackelburg knowingly allowed Ketchup to drink contaminated water presented a new *Bivens* context, and that Ketchup did not allege enough facts to suggest that Mackelburg was aware of a serious medical need.

So at the summary judgment stage, all that remained was Ketchup's negligence claim under the FTCA. The district court ultimately granted summary judgment on this claim in favor of the

---

[1] The magistrate judge did not include Harmon as a defendant in any of Ketchup's claims because Harmon is deceased.

United States.  It reasoned that Ketchup had not provided any medical expert testimony to support his claims that water contamination caused his injuries.

Throughout litigation, Ketchup also filed motions for sanctions, to alter or amend judgment, and for default judgment—all based on his allegations that the government committed fraud on the court.  The district court denied all of these motions, finding that Ketchup did not provide enough evidence to show fraud.

Now on appeal, Ketchup challenges the district court's orders dismissing his *Bivens* claims against Mackelburg, granting summary judgment on his negligence claim under the FTCA, and denying his motions based on alleged fraud.[2]

## II.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).  We also review de novo a district court's grant of summary judgment, which is appropriate "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Raney v. Aware Woman Ctr. for Choice, Inc.*, 224 F.3d

---

[2] Ketchup also appealed the dismissal of his fraud claim under the FTCA, but he waived the right to challenge this dismissal on appeal because he never objected to the magistrate judge's report and recommendation on this issue. 11th Cir. R. 3-1.

1266, 1268 (11th Cir. 2000).  And we review for abuse of discretion a district court's denials of a motion for sanctions, a motion to amend or alter judgment, and a motion for default judgment.  *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010); *Raney*, 224 F.3d at 1268; *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015).

## III

### A.

Because Ketchup's *Bivens* claims against Mackelburg do not fall within a recognized *Bivens* context, they were properly dismissed.  In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, the Supreme Court recognized an implied cause of action for damages against a federal officer for a Fourth Amendment search-and-seizure violation.  403 U.S. 388, 389–90, 397 (1971).  Such implied causes of action are now known as *Bivens* claims.

*Bivens* is not an expansive doctrine.  It has been recognized in just three specific contexts: Fourth Amendment search-and-seizure cases, Fifth Amendment discrimination cases, and Eighth Amendment inadequate-care cases.  *Ziglar v. Abbasi*, 582 U.S. 120, 130–31 (2017).  Expanding *Bivens* beyond those specific contexts, the Supreme Court has said, is a "disfavored judicial activity."  *Id.* at 135 (quotation omitted).  So when a *Bivens* claim presents a new context, a court must ask "whether there is any reason to think that Congress might be better equipped to create a damages remedy."  *Egbert v. Boule*, 596 U.S. 482, 492 (2022).  The answer to this question

is almost always yes—especially if Congress has already provided an "alternative remedial structure." *Id.* at 492–93 (quotation omitted).

Ketchup's *Bivens* claims alleging that Mackelburg knowingly let him drink contaminated water and failed to provide proper care thereafter present new contexts that Congress has already provided a remedy for. While *Carlson v. Green* recognized a deliberate-indifference claim under *Bivens*, that case involved a failure to provide medical care for an *existing* and *known* medical ailment. 446 U.S. 14, 16 & n.1 (1980). Here, Ketchup does not allege that Mackelburg was deliberately indifferent to an *existing* medical ailment; rather, Ketchup alleges that Mackelburg refused to take certain protective measures to prevent and then detect potential arsenic poisoning. Ketchup never provides any evidence that Mackelburg was aware of any existing medical problems—much less any evidence that Ketchup actually has or had arsenic poisoning. What's more, Congress has provided an alternative remedy through the FTCA, which allows suit against federal officials for negligence. Because Ketchup's claims present a new *Bivens* context for which Congress has already provided a remedy, the district court did not err by dismissing them.

**B.**

The district court also did not err by granting summary judgment for the United States on Ketchup's negligence claim under the FTCA. "The FTCA provides that the United States may be held liable for the negligent conduct of its employees in the same

23-13219               Opinion of the Court                    7

manner and to the same extent as a private individual under like circumstances." *Pate v. Oakwood Mobile Homes, Inc.*, 374 F.3d 1081, 1083 (11th Cir. 2004) (quotation omitted). To prove a negligence claim under the FTCA, a plaintiff must show negligence under state law. *Shivers v. United States*, 1 F.4th 924, 928 (11th Cir. 2021).

Under Georgia law, negligence requires a plaintiff to establish "the existence of a duty on the part of the defendant, a breach of that duty, causation of the alleged injury, and damages resulting from the alleged breach of the duty." *Rasnick v. Krishna Hosp., Inc.*, 289 Ga. 565, 566 (2011). In cases involving a medical question that requires some specialized knowledge, expert evidence is required to show causation. *Cowart v. Widener*, 287 Ga. 622, 622 (2010). In *Allstate Insurance Company v. Sutton*, for example, the Georgia Court of Appeals held that a plaintiff failed to establish causation for her negligence claim because she did not offer expert evidence to show the connection between her alleged exposure to mold and her respiratory problems. 290 Ga. App. 154, 159–60 (2008); *see also Cowart*, 287 Ga. at 622–23.

Ketchup's negligence claim likewise fails because he did not provide expert evidence connecting the alleged water contamination to his physical ailments. Although Ketchup offered evidence that the water at the penitentiary was contaminated with arsenic, he did not provide any evidence connecting that contamination to his alleged physical injuries. Because he has not established that any of his alleged injuries were caused by drinking

contaminated water, summary judgment was appropriate. *See Sutton*, 290 Ga. App. at 159–60.

## C.

Lastly, the district court did not abuse its discretion by denying Ketchup's motion for sanctions, motion to alter or amend judgment, and motion for default judgment. All of these motions were based on allegations of fraud. According to Ketchup, the government committed fraud on the court by submitting a declaration from Mackelburg claiming that he did not know that the water at the penitentiary was contaminated until February 1, 2019. This statement conflicted with an email sent to Mackelburg on December 17, 2018, revealing that the water was contaminated. By submitting and relying on Mackelburg's declaration, Ketchup says, the government committed fraud on the court and deprived Ketchup of his right to "honest and complete information."

"Fraud upon the court" is "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (quotation omitted). It is not so broad, however, to include "any conduct of which the court disapproves." *Id.* (quotation omitted). And if "relief from a judgment is sought for fraud on the court, the fraud must be established by clear and convincing evidence"— conclusory statements based on information and belief are not enough. *Booker v. Dugger*, 825 F.2d 281, 283–84 (11th Cir. 1987).

Ketchup failed to show that the government committed fraud on the court.  Although Mackelburg's declaration conflicts with other evidence in the record, conflicting evidence is not clear and convincing proof that the government committed fraud.  *See Travelers Indem. Co.*, 761 F.2d at 1551.  The district court thus did not abuse its discretion by denying Ketchup's motion for sanctions, motion to alter or amend judgment, and motion for default judgment—all of which were based on his allegations of fraud on the court.

★    ★    ★

We do not find any error with the district court's orders dismissing Ketchup's *Bivens* claims against Mackelburg; granting summary judgment on Ketchup's negligence claim under the FTCA; or denying Ketchup's motions for sanctions, to alter or amend judgment, and for default judgment.  Ketchup's *Bivens* claims fall outside of *Bivens*'s scope, and he failed to establish causation for his negligence claim.  Additionally, Ketchup did not provide enough evidence to suggest fraud on the court.  We therefore **AFFRIM**.